# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1441

_____

United States of America

*Plaintiff - Appellee*

v.

Louis A. Hardison, also known as Mohammed L. Carrol

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Joplin

_____

Submitted: January 8, 2018
Filed: June 15, 2018
[Unpublished]

_____

Before GRUENDER, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Louis Hardison was found guilty after a bench trial of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). We affirmed that conviction in a separate case in which Hardison claimed that his consent to a search was not voluntary, in part, because he was intoxicated. *United States v. Hardison*, 859 F.3d 585, 590-91 (8th Cir. 2017). While that direct appeal was pending, Hardison filed a

*pro se* motion to modify the terms of his supervised release, requesting that the district court[1] remove a special condition that broadly restricted his access to alcohol. The district court denied the proposed modification, and this appeal followed. We affirm.

Law enforcement discovered the firearms that led to Hardison's underlying conviction after his fiancée reported a domestic dispute in which Hardison put a knife to her throat and a gun to her head, threatening to kill her. At trial, the Government admitted a police report which indicated that, when officers arrived at the scene, Hardison's breath smelled of alcohol, his speech was slurred, and he stumbled as he walked. Hardison's presentence investigation report ("PSR") noted similar details about his inebriation during the incident. The PSR also contained other indications of substance-abuse problems: (1) during their search of his residence, officers found a glass pipe, which Hardison admitted he used for smoking marijuana; (2) in 2008, Hardison was convicted of driving under the influence of alcohol; and (3) Hardison had a substance-abuse history involving marijuana. Accordingly, the PSR recommended the following special condition of supervision: "The defendant shall not consume or possess alcoholic beverages or beer, including 3.2% beer, at any time, and shall not be present in any establishment where alcoholic beverages are the primary items for sale."

Hardison filed *pro se* objections to the PSR, including a challenge to some of the above substance-abuse determinations. At his sentencing hearing, Hardison did not formally object to the imposition of the relevant special condition, but he did deny having a problem with alcohol. The Government, for its part, was emphatic that the domestic-abuse incident "centered around one thing: alcohol," and it identified alcohol abuse as "probably the biggest problem of Mr. Hardison's life." The district

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

court accepted the Government's version of events. Although it imposed a below-guidelines sentence, the court adopted all of the recommended special conditions, including the ban on Hardison's access to alcohol.

Nearly a year after his sentencing hearing, Hardison filed his *pro se* motion to modify the terms of his supervision. *See* 18 U.S.C. § 3583(e). Hardison indicated that a doctor working with a prison drug-treatment program concluded that he did not have problems with addiction. He went on to argue that the court had abused its discretion in imposing this special condition "because alcohol never played a role in the offense of conviction or in any prior criminal conduct." In denying this motion, the district court explained that it had "concluded that Defendant has a serious problem with alcohol which is likely to have contributed to the events which led to his arrest and eventual conviction." Hardison then filed a "motion to reverse district court order in denying removal of special ban." The court treated this filing as a motion to reconsider, which it denied. Hardison now appeals, arguing that the district court abused its discretion in denying his motion to modify the special condition because, he claims, there was no evidence he had a substance abuse problem.

Under 18 U.S.C. § 3583(e), a district court "may, after considering [certain] factors set forth in section 3553(a) . . . modify, reduce, or enlarge the conditions of supervised release." Generally, this court reviews the denial of a motion to modify the terms of supervision for an abuse of discretion. *See United States v. Mosby*, 719 F.3d 925, 930 (8th Cir. 2013). As we have previously emphasized, "[w]e afford the district court broad discretion in this area, recognizing that it is in the best position to evaluate the circumstances of each individual defendant." *Id.* (internal quotation marks and citations omitted).

Here, the district court found the nature and circumstances of the offense sufficient to justify the imposition of the special condition, concluding that Hardison had a serious problem with alcohol that contributed to the events leading to his

conviction. This finding is supported by the police report's indication that Hardison was heavily intoxicated, as well as his own argument in the direct appeal that he was so inebriated he could not consent to a search. Moreover, Hardison's criminal history includes a DUI conviction, and unchallenged portions of the PSR highlight Hardison's self-prescribed used of marijuana to treat chronic pain, as well as his apparent recreational use of the drug. "We have repeatedly affirmed total bans on alcohol consumption when *either* the defendant's history and characteristics *or* the crime of conviction supported the restriction." *United States v. Robertson*, 709 F.3d 741, 748 (8th Cir. 2013). On the record before us, there is sufficient evidence to support a special condition barring Hardison's access to alcohol. Thus, the district court did not abuse its discretion in rejecting his request to remove the challenged condition.

Accordingly, we affirm the denial of Hardison's § 3583 motion to modify.

_____